UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA , <br><br> Plaintiff, <br><br> v. <br><br> HEATH DUNN, <br><br> Defendant. | Case No. 4:20-cr-00037-AKB-2 <br><br> **MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Heath Dunn's Motion to Reduce Sentence (Dkt. 169). Defendant Dunn moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines (*id.* at 1). For the reasons explained below, the Court denies the motion.

### I.   BACKGROUND

On December 4, 2019, Dunn was arrested after law enforcement searched his vehicle and found approximately eighteen pounds of methamphetamine (Dkt. 34 at 3-4). On July 9, 2020, a plea agreement was filed, and Dunn pled guilty to Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (Dkt. 34 at 2). In the Presentence Report, Dunn received four points based on criminal history (Dkt. 40 at 12, 18). He was not serving a sentence for another offense at the time, nor did he receive any additional points under those grounds. As a result, he was assigned a criminal history category of III and a guideline range of life (Dkt. 41 at 1). At the Sentencing Hearing, the Court calculated the guideline range to

be 262 to 327 months (Dkt. 165 at 6). The Court later granted a variance because of the disparity between the mixture and actual methamphetamine guidelines and the Government's downward departure, which produced a guideline range of 168 to 210 months (*id.* at 5). Ultimately, the Court sentenced Dunn to 240 months of imprisonment (*id.* at 19; Dkt. 157 at 2). Dunn now moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), relying on the adoption of Amendment 821 to the Sentencing Guidelines (Dkt. 169 at 1).

## II.    LEGAL STANDARD

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified, except in limited circumstances. 18 U.S.C. § 3582(b). Under 18 U.S.C. § 3582(c)(2), a district court has authority to reduce a defendant's sentence if the Sentencing Commission subsequently lowered the defendant's sentencing range, a reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and a court considers the § 3553(a) factors. Thus, under § 3582(c)(2), the analysis is twofold. First, a court must determine if a retroactive amendment to the Sentencing Guidelines applies to warrant reducing a defendant's guideline range. *Dillon v. United States*, 560 U.S. 817, 826 (2010). Second, a court must consider the applicable § 3553(a) factors and determine whether, in its discretion, such a reduction is consistent with the Sentencing Commission's policy statements. *Dillon*, 560 U.S. at 827. In determining the extent of the reduction, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentence. *See* U.S.S.G. § 1B1.10(b)(1). This reduction is strictly limited to the low end of the new applicable guideline, with one exception (where the defendant received a below-guideline sentence based on substantial assistance). *See* U.S.S.G. § 1B1.10(b)(2).

### III.   ANALYSIS

Amendment 821 took effect on November 1, 2023, and is composed of two parts. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023). Part A of Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. *Id.* Part B, Subpart 1 of Amendment 821 created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels if certain criteria are met including:

(1)   the defendant did not receive any criminal history points from Chapter Four, Part A;

(2)   the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3)   the defendant did not use violence or credible threats of violence in connection with the offense;

(4)   the offense did not result in death or serious bodily injury;

(5)   the instant offense of conviction is not a sex offense;

(6)   the defendant did not personally cause substantial financial hardship;

(7)   the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8)   the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9)   the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)  the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*See* U.S.S.G. § 4C1.1(a). The Commission has explained that these changes apply retroactively. *Sentencing Guidelines for the United States Courts*, 88 Fed. Reg. at 60535.

Dunn moves to reduce his sentence based on the changes made by Amendment 821 (Dkt. 169 at 1). The Government opposes Dunn's motion on two grounds: Dunn has failed to show that he is eligible for a reduction under the "Zero-Point Offender" part of Amendment 821, and he likewise failed to show that he is eligible for the reduction as a "Status-Point Offender" (Dkt. 174 at 3). The Government explains that Dunn is ineligible for a reduction as a zero-point offender because four criminal history points were assessed against him, thus making him ineligible for a reduction under the terms of Amendment 821 (Dkt. 174 at 3). The Government further explains that Dunn is ineligible for a reduction as a status-point offender because he was not serving a sentence at the time he committed the offense, nor did he receive additional criminal history points for this type of status (*id.* at 3). According to the Government, neither provision applies to Dunn, so he cannot qualify for a reduction. The Court agrees.

Here, Dunn was not serving a sentence while the commission of the offense occurred, so the "Status Point Offender" provision in Part A of Amendment 821 is inapplicable to Dunn. Further, Dunn had four criminal history points assessed against him, thus making him ineligible under the criteria listed in U.S.S.G. § 4C1.1(a), which was created by Part B, Subpart 1 of Amendment 821. Because neither part of Amendment 821 to the Sentencing Guidelines is applicable to Dunn, it does not subsequently lower the Defendant's sentencing range as required by § 3582(c)(2). Accordingly, the Court denies Dunn's motion because Dunn is ineligible for a sentence reduction under these provisions.

**MEMORANDUM DECISION AND ORDER - 4**

## IV.    ORDER

**IT IS ORDERED that:**

1. Defendant Heath Dunn's Motion to Reduce Sentence (Dkt. 169) is **DENIED**.

DATED: June 10, 2025

Amanda K. Brailsford
U.S. District Court Judge